Ml. Justice Clayton
delivered the opinion of the court.
This was a motion made at the May term, 1842, of the circuit court of Adams county, to amend a judgment of that court, rendered at the May term, 1841, “ by striking out therefrom the sum of $4173, and inserting the sum of $5221 50; and that the record of the judgment be also amended so as to be made conformable thereto.” The original judgment was rendered at the May term, 1841, an execution issued, upon which a forthcoming bond was given, and returned forfeited, at the November term, 1841. The question then-arises, whether the original judgment could, after all this, be amended. It seems to be conceded, that if the application had been made before the forfeiture of the bond, that the amendment might have been made.
The statute, in regard to the amendment of judgments, H. & H. 618, is very liberal in its provisions, and there is no express limitation as to the time within which the application must be made. Yet some limitation must necessarily grow out of the settled rules of practice in the courts. By the levy of the execution and the forfeiture of the bond, the original judgment was satisfied. After the expiration of the term at which the bond was returned forfeited, a motion to quash it, could not be entertained, it had all the force and effect of a judgment, and stood in place of the original judgment.'
Suppose the present motion were sustained, the judgment upon ‘the bond would not thereby be affected. An execution upon the judgment so amended could not be sustained. King v. Terry, 6 How.; it would be absolutely void. 3 How. 60. The -original judgment, after the forfeiture of the bond, is no longer in existence, and we do not see how it could again be revived. Clark v. Anderson, 2 How. 852. A writ of error will not lie to it; 3 How. 34, and an injunction on it will not *462 stay the execution on the new judgment. 1 How. 64. We do not see, therefore, on what principle the motion could be sustained, or, if sustained, what advantage the plaintiff in error would reap by it.
The cases cited from 5 Ran. 546, and 4 Leigh, 308, do not come up to the point. In neither of them, had there been a forthcoming bond given and forfeited. That circumstance constitutes the real obstacle in the way of the plaintiff in this motion.
We regret that the statute does not extend to the case, but it is out of our power to enlarge it by construction, when such a course would overturn principles that have been deemed settled and at rest for years.
The judgment of the court below is affirmed.